Mr. Justice Richardson
delivered the opinion of the court;
In the case of Hays vs. Harley, (1 Con. Rep. 267,) this court decided that ordinaries, by virtue of the third article of the constitution of this state, are Judges of Inferior Courts, and hold their commissions during good beha-viour. And in the case of the State vs. Lyles, (Ante, 238) ordinary of Chester district, it has been further decided, unanimously, that although the defendant had been elected under the act of 1815, and had received a commission for four years only, according to the provisions of the act of J 83 2, still his tenure of office was under the constitution. *242 and that he held bis office during good behaviour. Thesé two adjudications, by dec iding that ordinaries are Judges •of Inferior Courts, within the meaning of the constitution, facilitate greatly the decision in the case now before us. — > We must now hold the principle settled, and respect it.
The power of appointing ordinaries is given to the go-ver nor by the act of 1815, in these words, to-wit: “That the governor shall have power, and he is.hereby required to fill up all vacancies in either of the offices aforesaid, (of •which, the ordinary is one) that shall take place,” &c. “To hold under such appointment, until such time as an election shall take place.”
Upon this clause, two views opposite to each other have fceen taken, in order to distinguish the case before us from the adjudications just noticed:
1st. It has been suggested that the whole clause is unconstitutional, and the appointment of the defendant altogether void.
But by the constitution of this state, all legislative authority, with a very few restrictions,- is given to the legislature, or general assembly. A law then, when enacted by that body, must be deemed constitutional, unless it comes plainly within some constitutional exception to the general power of legislation. And although the third article of the constitution is, by obvious implication, one of the restrictions, and renders abortive any attempt to alter the tenure in office of certain judicial officers, of which the ordinary has been decided to be one ; still, though a part of the clause should come within that restriction, the rest may, notwithstanding, be constitutional. For although some provisions of an act be unconstitutional, yet it does not follow, on that account, that the whole is void. Now, the clause of the act of 1815, before noticed, has two objects,- first, the manner ójfilling vacancies; secondly, the. term of office to be /widen by the appointees. The formei as clearly constitutional, because there is no restriction upon the manner of appointing Judges of Inferior Courts, and of course the power of appointing them, may be given *243 ip the governor, or any agent of government. But the 'latter object, i. e. the term of office having been already fixed by the constitution, any legislation upon it is super» 'fiuous : and when the act goes to alter the term of office, it conflicts with the constitution, and as far as it does con* flict, the' laxo to be harmless must be inoperative. Writ» ten laws are to be so construed as to advance the end pro» posed, and in such a manner as that every part may prevail, if possible. And although a particular clause may not prevail in it’s full extent, because impossible or unconstitutional, in some one respect, yet, as far as it can be done, consistently with the constitution, we are bound to support it; simply, because it is a legislative enactment. The great object of the clause before us, i. e. the manner of appointment, being constitutional, is therefore authoritative. But the attempt to alter the tenure in office, as it conflicts with a constitutional provision, fixing 'the tenure of such an office, cannot prevail. The act stands then precisely as if rio alteration of the tenure had. been attempted, and the appointment being made, the tenure in the office follows" by virtue of the constitution, as if no law had been passed upon the subject of the tenure.
It has been suggested in the second place, in order to support the entire clause of the act, that temporary ap^ pointments may be necessary to preserve the continued exercise of the ordinary’s jurisdiction ; and that the election, by the people, preserves finally the tenure required by the constitution, as decided in the case against Lyles. But however true it is, that appointments under some authority are necessary, to the unbroken exercise of this, as well as of every jurisdiction, yet it does not follow that they must be temporary. The constitution consists, chiefly of a recognition of certain general principles, deduced from experience, and established, because intrinsically wise, and practically beneficial. And it will not be questioned, that m order to be either wise or beneficial, these principles must be uniform. It is ever to.be borne in mind too, that |.n the construction of the constitution, we are to regard the *244 main object and policy of the framers of that instrument, with a resolution that never flags. This is the governing rule, and knqwing these, we are led to the true construe* tion. Now what aye the objects and policy of the third article of the constitution which should command such inviolable yegard ? They manifestly are, that the Judges, hotly of Inferior and Superior Courts, shall hold their offices, unawetl by the influence of parties, and independent of men in power. It is to buoy up their resolution, and to confirm their integrity, more than for any other general cause; and with more reason in this country than any where else, that the judicial commission ought to continue during good behaviour. Because here the different constitutions not only guarantee the property of the citizen, his lyberties and privileges, hut constitute the sole means of marking out the distinction between the delegated powers and prerogatives of the confederated nation, .and the independent rights of the individual states.- And in laying down the proper line of demarcation, opposite interests, inveterate partialities, and jealous cplljsions, .contending for supremacy, must, put to the severest test the integrity, fortitude, and disinterestedness of the American Judiciary. Hence, the peculiar necessity of their independence. And it is evidently proposed that this essential independence of the Judges shall.be insured by means of their, offices being dependent but upon , their own good behaviour. It is this permanency and security that the convention supposed, wpuld, by placing the Judge out of the reach of fear, render him a firm apd faithful agent, and would leave the assurance greatly increased, that under every emergency, the constitution woyyld find in him the intrepid guaydian of its principles. But if under any circumstances a Judge could hold a temporary commission, he wquld want the constitutional sheet anchor of independence and integrity; and his office, in derogation of the constitution, would depend tpo little upon his own good behaviour, and too much upon men in power, and the favor of electors. It would be vain to say, that an occasional ip- *245 .ríante wfiuld be immaterial: the just observation, that what is precedent to day, becomes law to-morrow, would be strictly applicable. And were it once allowed that any such officer may be restricted by a temporary commission, it would be easy for ingenuity and influence to prepare the means of having the instance repeated; and in time they would become so multiplied, that the practical benefits of this leading principle of the constitution might be frittered away to insignificance. Yes, any such plastic power to be occasionally exercised in the modification of the principles of the constitution, would steal with insidious steps through its' whole extent, and impair its strength, might moulder its strong cement into dust, and fatally sap that monument of wisdom which we now so confidently believe, Monumentum are perennius.- The principle must be preserved entire and perfect, or it ceases to be a constitutional principle; and we must therefore guard against the smallest violation. But observations need not be further multiplied. The adjudication first noticed, in deciding that under the constitution, the ordinary is a Judge of an Inferior Court, did} in my judgment, decide that wherever there can he an appointment of an ordinary ^t all, though the legislature may have the individual appointed in their own way ; yet, when appointed, at the instant that he swears fidelity to the constitution, that constitution solemnly assures to him his office during good be-haviour:15
King, for the motion.
G'rhnke, contra.
The motion is therefore refused.
Justices Colcock, Gantt and Bay, concurred.